## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

COMMON CAUSE, *et al.*,

      Plaintiffs,

v.

PRESIDENTIAL ADVISORY
COMMISSION ON ELECTION
INTEGRITY, *et al.*,

      Defendants.

Civil Action No. 1:17-cv-1398 (RCL)

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION, IN THE
## ALTERNATIVE, FOR JURISDICTIONAL DISCOVERY

Defendants have moved to dismiss plaintiffs' Amended Complaint for lack of subject-

matter jurisdiction (on the basis that plaintiffs lack standing), as well as for failure to state a

claim (on the basis that plaintiffs fail to state a claim under the Privacy Act, the Administrative

Procedure Act, or an ill-formed *ultra vires* theory).  In that motion, defendants have "assume[d]

the veracity" of the factual allegations in the Amended Complaint, *Ashcroft v. Iqbal*, 556 U.S.

662, 679 (2009), and those documents referenced in the Amended Complaint, *see Slate v. Public

Def. Serv. for D.C.*, 31 F. Supp. 3d 277, 287 (D.D.C. 2014), but have nonetheless argued that

those facts, if taken as true, do not establish plaintiffs' standing (or, for that matter, that they

have stated a claim).  In other words, defendants have raised a facial challenge to plaintiffs'

standing.  *See Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006).

Despite the nature of defendants' challenge to the Court's jurisdiction at the motion to

dismiss stage, plaintiffs have filed an extraordinary motion for jurisdictional discovery.  They do

not claim, and cannot claim, that defendants have made a factual challenge to the Court's subject-matter jurisdiction. Instead, they largely recast their factual allegations, yet again, and argue that if this Court concludes that it lacks subject-matter jurisdiction based solely on the allegations pled in the Amended Complaint, plaintiffs are nonetheless entitled to jurisdictional discovery, aimed against a presidential commission, so that they may attempt to identify additional facts to confirm their speculative theory of standing. There is no basis for this motion, and it should be rejected.

## STANDARD OF REVIEW

Jurisdictional discovery generally emerges in the context of challenges to personal jurisdiction. "In order to engage in jurisdictional discovery, the plaintiff must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant. Such a request for jurisdictional discovery cannot be based on mere conjecture or speculation." *FC Inv. Grp. LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1093-93 (D.C. Cir. 2008) (citation and quotation marks omitted). Jurisdictional discovery may also be appropriate if defendants make a challenge to "the factual basis of subject-matter jurisdiction." *Wyatt v. Syrian Arab Republic*, 225 F.R.D. 1, 2 (D.D.C. 2004). Where defendants raise a facial challenge to the court's subject-matter jurisdiction, as opposed to a factual challenge, jurisdictional discovery is not appropriate. *See id.* ("There is no doubt that jurisdictional discovery is permissible in cases where the defendant challenges the factual basis of the court's subject-matter jurisdiction. The question here, however, is whether, as plaintiffs allege, the defendants have brought such a challenge, or if, as the defendants argue, *the complaint is deficient on its face and discovery cannot save it*.") (emphasis added and citation omitted); *Conyers v. Westphal*, 235 F. Supp. 3d 72, 79 n.4 (D.D.C. 2017) (plaintiff not entitled to

jurisdictional discovery in response to facial jurisdictional challenge); *see also McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) ("Discovery was not necessary" when district court considered facial jurisdictional attack); *Lu v. Cent. Bank of Republic of China (Taiwan)*, 610 F. App'x 674, 675 (9th Cir. 2015) (same).

## ARGUMENT

## JURISDICTIONAL DISCOVERY IS IMPROPER IN RESPONSE TO A RULE 12 MOTION ALLEGING A FACIAL PLEADING DEFICIENCY

Defendants have not raised a factual challenge to the Court's subject-matter jurisdiction – and, indeed, plaintiffs never claim that they have.  Accordingly, there is no basis for jurisdictional discovery.

Defendants have raised two challenges to the Court's subject-matter jurisdiction.  First, they argue that the plaintiffs have not alleged facts which, if taken as true, demonstrate that either the individual plaintiffs have standing or that Common Cause has representational or organizational standing.  *See* Mem. in Supp. of Defs.' Mot. to Dismiss ("MTD"), at 9-14, ECF No. 27-1.  Second, defendants have argued that, as to plaintiff Kennedy, plaintiffs' allegations speculating that the Department of Homeland Security will share information in a manner that injures him do not establish a sufficiently concrete and imminent injury for Article III standing. *See* MTD at 35-36; *see also Clapper v. Amnesty Int'l USA*, 568 U.S.398, 401 (2013) ("[R]espondents' theory of *future* injury is too speculative to satisfy the well-established requirement that threatened injury must be 'certainly impending.'").  At no point in either argument do defendants say that plaintiffs' facts are not true; rather, defendants argue that even taking the facts in the Amended Complaint and the documents referenced in the Amended Complaint as true, plaintiffs have not established the Court's subject-matter jurisdiction.  And plaintiffs never assert that defendants have advanced such a factual argument.  That resolves this

issue:  because the jurisdictional part of defendants' motion does not turn on disputed facts, but rather on whether plaintiffs' pled facts are sufficient to confer standing, there is no basis for jurisdictional discovery.  *See, e.g.*, *Wyatt*, 225 F.R.D. at 2; *Westphal*, 235 F. Supp. 3d at 79 n.4.

Instead, plaintiffs' motion is largely an exercise in re-arguing their standing or the merits of their claims in a way that should have been confined to their opposition to defendants' motion to dismiss.  *See* Pl.s' Mot., in the Alternative, for Jurisdictional Discovery ("Mot. Jurisdictional Discovery"), at 2-5, 6-8, ECF No. 32.  Plaintiffs also try to introduce new facts into the record – facts which plaintiffs did not allege in their Amended Complaint and, thus, defendants did not address in their motion.  *See id.* at 10-12.

Indeed, plaintiffs' motion makes it clear that it is not a request for jurisdictional discovery, but rather a hidden attempt for merits discovery.  Plaintiffs admit that defendants have argued that "[p]laintiffs' factual allegations consist of mere 'speculat[ion] about what DHS and the Commission might do in the future,'" but then state that they "would propose to discover these facts through a minimal number of interrogatories and document requests to Defendant Commission and Defendant DHS, and short Fed. R. Civ. P. 30(b)(6) depositions of the Commission and of DHS."  *Id.* at 10.  But if injury is speculative on the face of the complaint, the remedy – per *Clapper*, and decades of precedent – is to dismiss plaintiffs' Amended Complaint for lack of standing.  The remedy is not to engage in a freestanding attempt to resolve the speculation, in a way that would assert the Court's judicial power before plaintiffs have established that they have standing in a manner that would allow the Court to do so.  *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to

exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quoting *Ex parte McCardles*, 7 Wall. 506, 514 (1868)).

None of the cases that plaintiffs cite calls this elementary proposition into question. *See* Mot. Jurisdictional Discovery at 12-14. *FC Investment Group LC*, 529 F.3d at 1093-94, *El-Fadl v. Central Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996), and *Diamond Chemical Co., Inc. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 15-16 (D.D.C. 2003), concerned challenges to personal jurisdiction. *Ignatiev v. United States*, 238 F.3d 464 (D.C. Cir. 2001), involved a claim under the Federal Tort Claims Act ("FTCA"), in which there was a question regarding the existence of Secret Service guidelines, a fact necessary to establish a claim under the FTCA. The Court held that, under this circumstance, where "appellants wish to discover not facts, but applicable rules," discovery "limited perhaps to the issue of whether such guidelines exist[]" would be appropriate. *Id.* at 467. *Briscoe v. United States*, No. 16-cv-0809 (ABJ), 2017 WL 3188954, at *8-9 (D.D.C. July 25, 2017), involved a similar type of FTCA claim, and a similar type of discovery order. Here, of course, plaintiffs wish to discover *facts*, not written policies.

There is a more overriding reason why discovery is inappropriate at this stage. Plaintiffs' discovery is explicitly targeted against the Commission, a presidential advisory commission created by the President, chaired by the Vice President, and staffed by individuals employed by the Office of the Vice President. The Supreme Court has cautioned that where "discovery requests are directed to the Vice President and other senior Government officials who served on a [committee] to give advice and make recommendations to the President," "special considerations control" regarding "the Executive Branch's interests in maintaining the autonomy of its office and safeguarding the confidentiality of its communications." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 385 (2004). In such circumstances, "[t]he high respect that is

owed to the Office of the Chief Executive . . . is a matter that should inform . . . the timing and scope of discovery . . . and . . . the Executive's constitutional responsibilities and status [are] factors counseling judicial deference and restraint[.]"  *Id.* (internal citations and quotation marks omitted).  Plaintiffs seek discovery into the very operations of the Commission.  *See* Mot. Jurisdictional Discovery at 9-10.  If *Cheney* is to have any meaning, it is that a party should not be allowed to pursue a speculative claim against a presidential advisory commission through a fishing expedition for jurisdictional discovery *before* a court has concluded that it has subject-matter jurisdiction.  *See, e.g.*, *APP Dynamic ehf v. Vignisson*, 87 F. Supp. 3d 322, 330-31 (D.D.C. 2015) (jurisdictional discovery cannot be based on a "speculative fishing expedition").

## CONCLUSION

For the reasons discussed above, plaintiffs' motion in the alternative for jurisdictional discovery should be denied.

Dated:  December 15, 2017

Respectfully submitted,


CHAD A. READLER
Acting Assistant Attorney General
Civil Division

BRETT A. SHUMATE
Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director

*/s/ Joseph E. Borson*
CAROL FEDERIGHI
Senior Trial Counsel
KRISTINA A. WOLFE
JOSEPH E. BORSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-1944
Email: joseph.borson@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 15, 2017, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing to the parties.

/s/ *Joseph E. Borson*
JOSEPH E. BORSON